******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

D'AURIA, J., dissenting. I disagree with the majority of this court and would affirm the judgment of the Appellate Court because I agree in large part with the reasoning of both that court and the trial court. However, unlike those courts and the majority of this court, I conclude that the language of § 16 of the parties' 2008 pension agreement, to which the plaintiffs[1] are third-party beneficiaries, is ambiguous because the language of that provision is susceptible to more than one reasonable interpretation. See, e.g., *United Illuminating Co.* v. *Wisvest-Connecticut, LLC*, 259 Conn. 665, 671, 791 A.2d 546 (2002).

The majority concludes that the language is unambiguous in a way that favors the defendant while the Appellate Court and the trial court conclude that the language is unambiguous in a way that favors the plaintiffs. It is true that these competing views of clarity do not prove ambiguity. But, in my view, a proper construction of § 16 of the 2008 pension agreement should result in a conclusion that the terms are ambiguous. Although the majority's interpretation is a reasonable one, I conclude that the plaintiffs' construction of that agreement is more reasonable.

In particular, in § 16 of the 2008 pension agreement, the defendant, and the plaintiffs' union, defined the scope of the health insurance coverages to which retired police officers are entitled as the same "nature and scope of coverages, including but not limited to deductibles, co-insurance, co-pays and/or limits," as those in effect for active officers. The parties later negotiated their 2016 collective bargaining agreement (CBA), which expressly incorporated the 2008 pension agreement by reference and provided that the defendant would fund 50

---

[1] The plaintiffs, Donna Duso, David Menard, James Gauthier, Kathleen Doyle and Dexter Herron, are retired police officers of the defendant, the town of Groton.

percent of active officers' annual in-network deductible via a contribution to their health savings accounts (HSA).

A contract must be construed to effectuate the intent of the parties, which is determined by the language used in the contract, interpreted in the context of the circumstances associated with the transaction. See, e.g., *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission System, L.P.*, 252 Conn. 479, 498, 746 A.2d 1277 (2000). When contracting parties define the terms they employ, the court should give effect to the parties' chosen language. See, e.g., *Keller* v. *Beckenstein*, 305 Conn. 523, 536, 46 A.3d 102 (2012) ("when a statutory definition applies to a statutory term, the courts must apply that definition" (internal quotation marks omitted)); *Stiegler* v. *Meriden*, 348 Conn. 452 472 n.12, 307 A.3d 894 (2024) (pension plan incorporated by reference into collective bargaining agreement is part of operative contract, which should be construed consistently with statutory construction principles).

Regardless of the dictionary definitions or common usage of terms like "coverage," "deductible," "co-pay," or HSA contributions, the defendant and the union chose to define the "nature and scope" of the health insurance "coverages" that retired officers are entitled to broadly in the 2008 pension agreement, expressly using "deductibles" and "co-pays" as examples. The parties also explicitly chose to link the defendant's annual contribution to active employees' HSAs to the payment of their deductibles. Although it recognizes that the defendant intended the HSA contributions to mitigate the financial impact of the new high deductible health insurance plan, the majority concludes that the nature and scope of the retirees' health insurance coverage remains unchanged because, *if* the defendant had simply agreed to pay the active officers a flat annual stipend, the plaintiffs would have no plausible claim to payment under the 2008 pension agreement. This is true, but, as the Appellate Court pointed out; see *Duso* v. *Groton*, 228 Conn. App. 390, 415, 325 A.3d 295 (2024);

this hypothetical is not implicated because, for whatever reason, that is not how the contracting parties chose to mitigate the impact of the high deductible health insurance plan. Rather, the question before us is whether the operative language of the CBA contravened the 2008 pension agreement. Because the defendant and the union chose to define the health insurance coverage the plaintiffs are entitled to broadly, and chose to closely associate the HSA contributions with the term "deductible," I agree with the Appellate Court that the defendant cannot avoid its obligation to provide the same coverage to retired employees by giving active employees targeted dollars to pay their deductibles, just as they could not provide active employees a reduced deductible.

I otherwise agree with the reasoning of the Appellate Court and would affirm its judgment.